LINDA A. LANGFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Langford v. Commissioner
Docket Nos. 2255-76, 5338-76.[1]
United States Tax Court
T.C. Memo 1977-127; 1977 Tax Ct. Memo LEXIS 315; 36 T.C.M. (CCH) 550; T.C.M. (RIA) 770127; May 2, 1977, Filed Linda A. Langford, pro se. Rebecca T. Hill, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies in petitioner's income tax: Year
Deficiency
1973
$207.64
1974
$230.00
The only issue for decision is whether petitioner is entitled to *316 deductions for child care expenses incurred during the years in question. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioner resided in Novato, California, at the time she filed her petition. Prior to 1970 petitioner was married to Richard A. Langford. The Langfords had four children, the youngest of whom was born in 1969. The marriage did not fare well, and, on October 27, 1970, a California Superior Court entered an interlocutory judgment dissolving the marriage. As part of that judgment, the court granted petitioner alimony of $225 per month until March 31, 1971, and $375 per month thereafter, and child support of $125 per month for each minor child. In addition the court granted Mr. Langford the right to claim the four children as dependents for the purposes of obtaining personal exemption deductions on his Federal income tax returns. The court entered a final judgment of dissolution [2] which incorporated the terms of the interlocutory judgment. In 1973 and 1974, the years in issue, Mr. Langford satisfied his child support obligations. *317 His support payments equaled $6,000 in each year. Petitioner had legal and physical custody of the four minor children in both 1973 and 1974. During 1973 and 1974 petitioner paid $1,152 and $1,301, respectively, to a babysitter to care for her youngest child. Petitioner's use of a babysitter enabled her to be gainfully employed. In each year, petitioner provided more than half of the support for her youngest child. Petitioner deducted these child care expenses on her Federal income tax returns for each year. Respondent disallowed these deductions in their entirety. OPINION Petitioner incurred significant child care expenses in both 1973 and 1974 in order to be able to be gainfully employed. Respondent determined that petitioner was not entitled to deduct these expenses on her income tax returns. Petitioner contends that, since she contributed more than half of the support for her youngest child, she is entitled to deduct the child care expenses incurred in relation to that child. We disagree and conclude that, despite the hardship to petitioner, the law for the years in issue is contrary to her position. Section 214, [3] as it was in 1973 and 1974, provided generally *318 that a taxpayer, who maintains a household which includes as a member a child or children under 15 with respect to whom the taxpayer is entitled to a personal exemption under section 151(e), shall be entitled to a deduction for child care expenses incurred to enable the taxpayer to be gainfully employed. Section 151(e) provides that a parent may take a personal exemption for a child if (as set forth in section 152) he provides over half of the child's support. Section 152(e) sets forth the rules determining which of two divorced parents is entitled to the dependency exemptions for their children. Section 152(e)(2)(A) covers taxpayer's situation: (2) Special Rule.--The child of [divorced] parents * * * shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce * * * between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any [personal exemption] for such child, and
*319 (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, * * * Thus, if the two conditions in section 152(e)(2)(A) are met, then the child is a dependent of the noncustodial parent, regardless of the amount expended on the child by the custodial parent. In our present case, petitioner's husband met both of these conditions. First, the judgment of divorce granted Mr. Langford the right to claim the children as dependents for purposes of obtaining personal exemptions for them. Second, the parties stipulated that the husband provided at least $600 for the support of each child in 1973 and 1974. Therefore the children are dependents of the husband. Since the youngest child is not petitioner's dependent, petitioner is not entitled to a child care deduction under section 214 for expenses incurred in providing a babysitter for such child. As petitioner is aware, Congress in the Tax Reform Act of 1976 changed the law to her benefit. For years after 1975, new section 44A allows a credit against tax for dependent care expenses necessary for gainful employment. Paragraph 44A(f)(5) provides a special dependency test for *320 divorced parents. Under this test, a taxpayer who has custody of a child, even though not entitled to a personal exemption for the child, is entitled to claim the credit. Decisions will be entered for the respondent. Footnotes
1. These cases have been consolidated for purposes of trial, briefing and opinion.↩
2. The record does not disclose the exact date of this judgment. It was in either 1970 or 1971.↩
3. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩